UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

JUSTIN C. HANEY,

    Plaintiff,

v.

SGT. HENNING, *et al.*,

    Defendants.

No. 2:21-CV-11-WOB-HAI

RECOMMENDED DISPOSITION

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Justin C. Haney brought this *pro se* action in January 2021. D.E. 1. At the time, he was a pretrial detainee at the Campbell County Detention Center. *Id*. His complaint alleged that jail officials inflicted cruel and unusual punishment during an incident when he was housed in "a suicide watch cell." *Id*. at 1. District Judge Bertelsman ordered Haney to refile the action using the approved form. D.E. 6. On February 5, 2021, the Court received the Amended Complaint (D.E. 7), which superseded and replaced the original complaint. After Defendants filed their answer, the matter was referred to the undersigned. D.E. 19.

Haney explains that in October 2020 he was in a "suicide cell" on "high suicide watch." D.E. 7 at 2. He was "being disrespectful to staff" when Defendants Boeschenstein and Henning opened his food port and sprayed him with mace. He says the officers then opened his cell, called for backup, and wrestled him into a restraint chair. They left him "naked covered in the mace in the chair for multiple hours with no range of motion." He only got to move his legs one time during the night. *Id*. After three hours, they gave him a decontamination shower and placed him back in the "contaminated" cell. *Id*. at 3. He alleges his rights were violated because

1

jail staff failed to offer him a range of motion in the restraint chair, they failed to give him hygiene items in the decontamination shower, and they failed to clean his cell after mace was sprayed. *Id*. at 4.

There were issues with obtaining discovery from Plaintiff, and in September 2021, Defendants moved for sanctions in the form of dismissal. D.E. 37. The undersigned recommended that the motion for sanctions be denied. D.E. 42. No objections were filed, and Judge Bertelsman adopted the recommendation on November 21, 2021. D.E. 50.

Meanwhile, because of the discovery delays, the undersigned granted Defendants' motion for a new scheduling order on October 26, 2021. D.E. 44. The discovery deadline was extended to December 31, with dispositive motions due on January 31, 2022, and responses due by March 2. *Id*. A letter from Haney filed on November 3 shows that Haney received the new schedule. D.E. 47 ("I see that the courts extended the time for pretrial discovery until December 31, 2021.").

Haney has changed addresses several times. For a while, he was housed at the Kentucky Correctional Psychiatric Center, but then returned to Campbell County. D.E. 23. Haney was apparently convicted of state charges and the Department of Corrections moved him to the Hopkins County jail. D.E. 48. He was then temporarily sent back to Campbell County. D.E. 49. On November 30, the Court learned that at some point Plaintiff "was released from custody and sent to a halfway house" in Louisville. D.E. 51. Finally, on December 13, 2021, the Court received a letter from Haney stating he had returned to his home address in Alexandria, Kentucky. D.E. 53.

Despite these address changes, defense counsel was able to depose Haney at the Campbell County Detention Center in Newport on November 10, 2021. D.E. 56 (transcript).

On January 31, 2022, Defendants moved for summary judgment. D.E. 54. The motion was accompanied by a transcript of Haney's deposition (D.E. 56) and a disc containing surveillance videos of the incident (D.E. 55, 57). Defendants argue that:

(1) Haney failed to follow the proper grievance procedures and thus failed to exhaust his administrative remedies before filing suit, as required by the Prison Litigation Reform Act ("PLRA").

(2) Haney's claim fails on the merits because the force used against him was reasonable.

(3) Defendants are shielded from liability on account of qualified immunity.

D.E. 54.

Under the scheduling order that Haney has acknowledged receiving, his response to the summary-judgment motion was due March 2, 2022. The Court has received no response, and the summary-judgment motion stands unopposed. The Court has provided ample time for the response to be mailed, and now recommends Defendants' unopposed motion be granted.

### I. Haney's Failure to Respond to the Government's Motion

When a party "fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (table); *see also Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (finding that a plaintiff's failure to oppose arguments raised in the defendants' motion to dismiss is grounds for the district court to assume that opposition to the motion is waived). Joint Local Civil Rule 7.1(c) also provides that a failure to file a response in accordance with a court's scheduling order may be grounds for granting a motion for summary judgment.

Here, Haney has filed no timely response nor a request for an extension of the March 2, 2022 deadline. The Court may therefore grant the government's motion based on the lack of response.

However, in granting a motion that will dispose of a claim, courts should make certain that a moving party has satisfied its burden under the Federal Rules. "[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Here, Haney's claims are barred by statute because he failed to properly exhaust his administrative remedies.

## II. Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Parties moving for summary judgment are not required to put forth affirmative evidence to negate the existence of elements required by the non-moving party's claim. *Id.* at 324. It is sufficient for a moving party to merely state that there is an absence of evidence supporting the non-moving party's claim. *Id.* Once this is done, it then becomes the responsibility of the non-moving party to provide evidence which establishes an actual issue for trial. *See Employers Ins. Of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 102 (6th Cir. 1995). The Court must grant summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

### III. Exhaustion of Administrative Remedies

Here, summary judgment is warranted due to failure to exhaust administrative remedies. Exhaustion of administrative remedies is mandatory under the Prison Litigation Reform Act of 1995 ("PLRA") for any lawsuit challenging prison conditions. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). "There is no question that . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). It is not the prisoner's threshold burden to prove exhaustion; rather lack-of-exhaustion is an affirmative defense. *Id*. Once raised, the prisoner bears the burden of demonstrating proper exhaustion. And summary judgment is appropriate if defendants establish the absence of a "genuine dispute as to any material fact" regarding non-exhaustion. *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Prisoners must exhaust all "available" remedies—not just those that meet federal standards. *Woodford*, 548 U.S. at 85. "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. at 87 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 90-91. It is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion. *Jones*, 549 U.S. at 218.

The Campbell County Detention Center's prisoner grievance policy is attached to the motion for summary judgment. D.E. 54-2. It requires that grievances be completed within 48 hours of the incident using the supplied computer kiosks. A lack of response by the jail after ten days is deemed a denial of the grievance. Upon denial, prisoners have 48 hours to file an appeal. *Id*.

Although the dissenting Justices in *Woodford* called a 48-hour deadline a "Draconian time limitation," federal courts in Kentucky have followed *Woodford* and enforced Kentucky jails' 48-hour deadline. *See, e.g.*, *Harris v. Rives*, No. 5:19-CV-43-TBR, 2020 WL 3621247, at *2 (W.D. Ky. July 2, 2020); *Norris v. Warren Cty. Reg'l Jail*, No. 1:11-CV-155-JHM, 2012 WL 1637074, at *2 (W.D. Ky. May 9, 2012).

An exception to the exhaustion rule exists whenever prison officials decline to enforce their own procedural requirements and opt to consider an otherwise-defaulted claim on the merits. Courts can hear such cases. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). This exception does not apply in this case.

Additionally, "A prisoner's lack of compliance may be excused if the administrative remedies are not available, but [the Sixth Circuit] has required a prisoner to make 'affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable.'" *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015) (quoting *Napier v. Laurel Cty.*, 636 F.3d 218, 223 (6th Cir. 2011)).

Here, Defendants argue Haney did not properly utilize the grievance process relative to the October 18, 2020 incident. D.E. 54 at 7. It is undisputed that his grievance was filed nine days after the incident—outside the 48-hour window. Defendants further argue that, even assuming the grievance was properly brought, Haney failed to appeal it. They explain that any appeal by Haney of the denial-by-lack-of-response was due by November 12, 2020, but no appeal was filed. *Id*. at 8.

For Haney's part, his complaint form includes a section that inquires regarding exhaustion of administrative remedies. D.E. 7 at 5. For each question, Haney answered "N/A." *Id*.

Attached to Defendants' motion is an affidavit from Major Zachary Smith, which states that Haney had access to the grievance procedures, even when on suicide watch. D.E. 54-2. Haney was in isolation from October 14 to October 24, and "the mobile kiosk was available for inmate use." *Id*. at 1.

In his deposition, Haney stated he filed his grievance "roughly a week after the incident." D.E. 56 at 24. The incident was October 18, and the record indicates he filed his grievance on October 27. *Id*. at 24-25. However, Haney said he was only able to file a grievance after he was released from isolation. He claims he asked several times (while in isolation) to use the mobile kiosk to file a grievance, but prison staff refused to bring the kiosk to him. *Id*. at 19-23. He insists he filed a grievance at his first real opportunity. *Id*. Haney's October 27, 2020 grievance form is filed at Docket Entry 54-5.

Here, it is undisputed Haney failed to comply with the 48-hour deadline for filing grievances and appeals. As to the original grievance itself, there is a factual dispute as to whether the kiosk to file grievances was actually available to Haney while he was in the isolation cell. On one hand, Major Smith testified in his affidavit a kiosk would have been brought to Haney upon request. On the other hand, Haney testified he asked for the kiosk after the incident, but no one would bring it to him while he was in the isolation cell. This factual dispute prevents a ruling at this stage as to whether Haney's initial grievance was properly filed.

Nevertheless, there is no dispute that, under the jail's policies, Haney's grievance was deemed denied after ten days. And there is no dispute that Haney failed to *appeal* the denial of his grievance. He nowhere asserts that such an appeal was ever filed. Once Defendants raised this failure-to-exhaust defense, it became Haney's burden to rebut it with evidence. *Jones v.*

7

*Bock*, 549 U.S. 199, 211 (2007); *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011). This he has not done. So, no factual dispute exists as to whether Haney appealed his grievance.

Based on Haney's undisputed failure to timely appeal his grievance, Haney failed to exhaust his administrative remedies related to the October 18, 2020 incident. This lack of exhaustion provides a sufficient basis for granting Defendant's motion for summary judgment. Given that Haney's compliant is procedurally barred under the PLRA, there is no need to additionally address the merits or qualified immunity.

### IV. Conclusion

As Rule 56(c) makes clear, to counter Defendants' motion for judgment, Haney must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other [such] materials." Fed. R. Civ. P. 56(c)(1)(a). Haney, having not responded or presented evidence of his own, has cited no such evidentiary materials. The Court is left with no issue of material fact as to whether Haney appealed the denial of his grievance related to the October 18, 2020 incident.

Defendants' motion for summary judgment is unopposed. Further, there is no factual dispute that Plaintiff Haney failed to exhaust his administrative remedies by failing to appeal the denial of his grievance. This suit is thus barred by the PLRA.

The undersigned therefore **RECOMMENDS** that Defendants' unopposed motion for summary judgment (D.E. 54) be **GRANTED**. The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within **fourteen days** after being served with a copy of this decision, any party may serve and file

specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 5th day of April, 2022.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge